**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

DWIGHT FERGUSON, JR., )
)
    Plaintiff, )
)
v. )
)
KEITH FRANCIS and THE GOVERNMENT )
OF THE VIRGIN ISLANDS, )
)
    Defendants. )
_____ )

**CASE NO. ST-2013-CV-00063**

CLIVE RIVERS, ESQUIRE
St. Thomas, USVI
*For the Plaintiff*

AAG JALICHA B. PERSAD, ESQUIRE
St. Thomas, USVI
*For Defendant, Government of the Virgin Islands*

**Cite as 2024 VI Super 30U**

## MEMORANDUM OPINION AND ORDER

¶1    **THIS MATTER** is before the Court on the following:

1. Defendant's Motion to Dismiss for Failure to Prosecute, filed November 16, 2023;
2. Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss for Failure to Prosecute, filed January 10, 2024; and
3. Defendant's Reply in Support of Its Motion to Dismiss for Failure to Prosecute, filed February 1, 2024.

For the reasons stated herein, Defendant's motion is granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

¶2    On February 8, 2013, Plaintiffs Dwight Ferguson, Sr. and Elizabeth Ferguson as next of friend to Dwight Ferguson, Jr. (hereinafter collectively referred to as "Plaintiffs") filed a complaint against Keith Francis (hereinafter "Francis") and the Government of the Virgin Islands (hereinafter "the Government") (hereinafter collectively referred to as "Defendants") seeking damages for negligence. The Plaintiffs allege that Francis, an adult school official at Charlotte Amalie High School (hereinafter "CAHS"), molested Dwight Ferguson Jr., a minor student, in the CAHS gymnasium. The Plaintiffs argue that Francis's actions amount to assault and battery. The Plaintiffs also assert that the Government, in its capacity as agents of the Francis, should have known of Francis's prior conduct and kept him away from children, and their failure to institute and enforce safety policies preventing child abusers with access to school children on school premises amounts to negligence. The Plaintiffs asked to be awarded compensatory and punitive damages.

¶3    On March 11, 2013, the Government filed an Answer to Complaint. The Government denied the allegations and asserted it owed no duty of protection to Plaintiffs. Francis did not answer or otherwise respond to the complaint. For over ten years, there was no movement in this case.

¶4    On August 24, 2023, the Honorable Judge Carol Thomas-Jacobs recused herself from the matter after the case was reassigned to her. The case was subsequently reassigned to this Court, which ordered a status conference for September 27, 2023. After counsel for Plaintiffs, Clive Rivers, Esq., filed a motion to continue due to a scheduling conflict, the status conference was continued to November 8, 2023. At the status conference, Attorney Rivers advised the Court that the complaint needed minor corrections and Francis was served but was incarcerated at the time. The Court advised the parties[1] to meet and confer and submit a scheduling order by December 15, 2023. The Court also ordered Attorney Rivers to submit an entry of default against Francis and file a motion to amend the complaint by November 20, 2023. Attorney Rivers filed the motion to amend the caption and modify certain language of the complaint on November 21, 2023, which the Court granted via Order dated November 22, 2023.[2] Attorney Rivers also filed a request for entry of default on November 21, 2023, which the

---

[1] Counsel for Plaintiffs and the Defendant Government were present at the status conference, but Defendant Francis was not. However, the Court noted in its Order dated November 16, 2023, that the notice for the status conference was only sent to counsel for the Plaintiffs and the Government.

[2] This Order removed Plaintiffs Dwight Ferguson, Sr. and Elizabeth Ferguson from the caption leaving Dwight Ferguson, Jr. as the sole remaining Plaintiff.

Clerk of the Court entered on December 1, 2023. Counsel for Plaintiff and the Government submitted separate proposed scheduling plans and orders on December 18, 2023. The Government delineated the differences between the orders, and the Court signed the Government's proposed scheduling order on December 19, 2023.

¶5    On November 16, 2023, the Government filed the present Motion to Dismiss for Failure to Prosecute. The Plaintiff filed an Opposition to the Government's Motion on January 3, 2024. The Government filed a reply in support of its motion to dismiss on February 1, 2024. Both parties utilized the six-factor test outlined in *Halliday v. Footlocker Specialty, Inc.*[3] to argue whether the motion to dismiss should be granted. The Government argues that of the six *Halliday* factors, four of the factors weigh in favor of dismissal, and therefore "dismissal with prejudice is appropriate under the circumstances in light of Plaintiff's failure to advance the case for ten years."[4] Plaintiff argues that dismissal for failure to prosecute is a drastic remedy that should not be granted unless there is compelling evidence that dismissal is warranted. Plaintiff asserts that a balancing analysis of the *Halliday* factors does not weigh strongly in favor of dismissal. Plaintiff further argues that a motion to dismiss for failure to prosecute is not solely based on balancing the six *Halliday* factors, and that there is a "'strong preference for trial courts to decide doubtful cases on their merits rather than dismiss them for a failure to strictly follow purely procedural rules.'"[5] The parties came before the Court for a motions hearing on March 13, 2024, and presented oral arguments. The Court took the matter under advisement.[6]

## II.    LEGAL STANDARD

¶6    A plaintiff has an affirmative duty to take steps to bring a case forward, and the failure to do so can result in dismissal for failure to prosecute.[7] Rule 41(b) of the Virgin Islands Rules of Civil Procedure provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[8] In *Halliday v. Footlocker Specialty, Inc.*,[9] the Supreme Court of the Virgin Islands adopted a six-factor test for

---

[3] 53 V.I. 505, 511 (V.I. 2010) (adopting a six-factor analysis for motions to dismiss for failure to prosecute from the Third Circuit) (*see also Poulis v. State Farm Casualty Co.*, 747 F.2d 863, 868) (3d Cir. 2010)).

[4] Def.'s Mot. to Dismiss 6.

[5] Pl.'s Opp'n to Mot. to Dismiss 3 (citing *Joseph v. Bureau of Corr.*, 54 V.I. 644, 650 (V.I. Super. Ct. 2011).

[6] Ct. Order Mar. 27, 2024.

[7] *See Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 292 (V.I. 2010) (stating that "unlike a plaintiff, a defendant possesses no affirmative duty to take any steps to bring a case to trial prior to filing a motion to dismiss for failure to prosecute").

[8] V.I.R. Civ. P. 41(b).

[9] 53 V.I. 505 (V.I. 2010).

analyzing a motion to dismiss for failure to prosecute.[10] The Superior Court may not dismiss an action for failure to prosecute unless the following factors strongly weigh in favor of dismissal: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense.[11] The Supreme Court also noted that dismissal for failure to prosecute is an "extreme" sanction "reserved for instances in which 'a trial court makes appropriate findings to all six factors.'"[12] While all of these factors must be considered, and the balance must weigh strongly in favor of dismissal, dismissal may still be appropriate even though some factors do not lean toward dismissal.[13]

### III. ANALYSIS

#### 1. The Extent of the Parties' Personal Responsibility

¶7 A plaintiff has an affirmative duty to move a case forward, and this premise assumes that the plaintiff wants to pursue a claim.[14] To determine a plaintiff's personal responsibility in failing to move a case forward, the Court examines the plaintiff's conduct and whether that conduct reflects personal failure to take action in the case.[15] This factor is typically found to weigh against dismissal where Plaintiff is represented by counsel.[16] The Government notes that in this case there is no indication that the Plaintiff bears personal responsibility for counsel's inability to meet deadlines or comply with the Court's orders.[17] However, the Government argues that a plaintiff

---

[10] *See Kuykendall v. Hart*, 70 V.I. 574, 579 (V.I. Super. Ct. 2019) (acknowledging that the *Halliday* factors were taken from *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984) and have been followed by Virgin Islands courts for decades).

[11] *See Halliday*, 53 V.I. at 510-11 (finding that "dismissal as a sanction for failure to prosecute cannot be warranted unless a trial court makes appropriate findings with respect to all six factors and concludes that, on balance, dismissal is warranted").

[12] *Molloy v. Indep. Blue Cross*, 56 V.I. 155, 186 (V.I. 2012) (quoting *Halliday*, 53 V.I. at 511).

[13] *Halliday*, 53 V.I. at 511. *See also Albert v. Hess Oil V.I. Corp.*, 70 V.I. 316, 330 (V.I. Super. Ct. 2019) (concluding that a trial court is not required to find that all the factors weigh in favor of dismissal).

[14] *See Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 292 (V.I. 2010); *see also Shefi Diamonds, Inc. v. Saker Shalhout, et al.*, No. ST-11-CV-65, 2023 V.I. Super 50, at *14 (V.I. Super. Ct. Aug 22, 2023) (citing *Encarnacion v. Gov't of the Virgin Islands*, No. SX-15-CV-533, 2018 V.I. LEXIS 73, at *4 (V.I. Super Ct. July 31, 2018)).

[15] *See Watts*, 54 V.I. at 300 (Swann, J., concurring).

[16] *See id.* at 310 (noting that a court should have imposed sanctions on a party's counsel, not the party, because it is unjust to punish a party who personally did nothing wrong).

[17] Def.'s Mot. to Dismiss 2-3 (citing *Browne v. Gov't of the V.I.*, No. 2018-0003, 2022 U.S. Dist LEXIS 178715, at *5 (D.V.I. Sept. 30, 2022)).

can take some steps to advance their litigation, so this factor should be considered neutral. Plaintiff argues that this factor weighs against dismissal because the complaint was timely filed, he filed an amended complaint that was accepted by the Court, and he "diligently moved for entry of default against Defendant Keith Francis."[18]

¶8     Although there is no evidence on the record that the Plaintiffs' conduct prevented their counsel from moving the case forward, courts in this jurisdiction have found that the client bears some responsibility for moving the case forward. In *Robles v. Joseph*, where the plaintiff nor her counsel were proactive in moving a case forward in two years after filing the initial complaint, the Superior Court determined, "at some point the responsibility becomes that of the client's to ensure that the case is progressing."[19] The Court reaches the same conclusion here. In this case, neither Plaintiffs nor their counsel did anything to move the case forward for ten years, which is much longer than the plaintiffs remained inactive in *Robles*. Further, the Court is not convinced by Plaintiff's assertion that filing a timely complaint, first amended complaint, and moving for entry of default against one of the defendants is evidence of diligently pursuing this case. After filing the original complaint and receiving an answer, Plaintiff took no action in this case until 2023, after this Court was assigned the case and set the matter for a status conference. Only then, over ten years after the original complaint was filed, did Plaintiff move to amend the complaint. Additionally, Plaintiff's counsel only moved to amend the complaint and move for entry of default after he was instructed to do so by the Court.[20] Accordingly, the Court finds that this factor weighs in favor of dismissal.

### 2. Prejudice to the Adversary

¶9     Prejudice to the adversary does not mean "irremediable harm" but refers to the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'"[21] It includes the "'loss of opportunity to present some material aspect of the case,' 'the expenditure of money or similar detrimental changes in position by one side in reliance on the action or inaction

---

[18] Pl.'s Opp'n to Mot. to Dismiss 4.
[19] *Robles v. Joseph*, No. SX-15-CV-348, 2017 V.I. LEXIS 134, at *4 (V.I. Super. Ct. Aug. 23, 2017).
[20] Ct.'s Order dated Nov. 16, 2023.
[21] *Watts*, 54 V.I. at 291.

of another,' and the imposition of 'additional trial preparation, and added expense.'"[22] Prejudice to the adversary is caused by the "failure to meet scheduling orders and respond to discovery," and must be shown by more than just general delay in the case.[23]

¶10     The Government argues that "the sheer length of the delay suggests prejudice to Defendants" because "[a] decade of delay by Plaintiff in pursuit of his claims is a decade of decay of memories of witnesses and potential witnesses as well as a tide change in the Department of Education with at least 5 different Commissioners since the date of the alleged incident that forms the basis of Plaintiff's complaint."[24]     The delay, according to the Government, certainly makes it more difficult for the Government to defend against Plaintiff's claims.  Plaintiff argues that prejudice arises out of a party's failure to file a timely or adequate pleading, discovery response, or pretrial statement, other paper, or to otherwise comply with a court order, and the delay alone does not establish prejudice.[25]

¶11     Here, the Plaintiff's delay in moving this case forward has sufficiently prejudiced the Government.  Virgin Islands Courts have found that significantly shorter delays than the decade at issue here have prejudiced defendants.[26]  These courts have reasoned that such delays can impede a defendant's ability to prepare a defense because time can cause evidence to be lost, memories to fade, and witnesses to become unavailable.[27]  Indeed, such issues are present here. As the Government argues, in the ten years since the alleged incident, the memories of potential witnesses such as those who attended and worked at the school have likely eroded.  Such witnesses are also not as likely to be readily available because so many years have passed, and people have moved on from their positions at the school and in the Government.  Importantly, the primary defendant in the case has passed away.  Additionally, even if the length of the delay alone has not prejudiced the Government, Plaintiff's counsel has failed to timely file and comply with this

---

[22] *Greene v. V.I. Water and Power Authority*, 67 V.I. 727, 738 (V.I. 2017) (citing *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Grp.*, 56 S.W.3d 557, 568 (Tenn. 2001)) (internal citations omitted).

[23] *Kuykendall v. Hart*, 70 V.I. 574, 581 (V.I. Super. Ct. 2019) (citing *Greene*, 67 V.I. at 741 n.7).

[24] Def.'s Mot. for Failure to Prosecute 4.

[25] Pl.'s Opp'n to Motion to Dismiss 4-5.

[26] *See Watts*, 54 V.I. at 293 (finding that the Superior Court did not err when it held that the lack of any meaningful discovery in the four years since the complaint had been filed prejudiced the defendant); *see also Modeste v. V.I. Police Dep't*, 77 V.I. 280, 288 (V.I. Sup. Ct. 2023) (determining that a defendant was prejudiced by a delay of three years); *see also Robles v. Joseph*, No. SX-15-CV-348, 2017 V.I. LEXIS 134, at *4 (V.I. Super. Ct. Aug. 23, 2017) (finding that a plaintiff was personally responsible for the delay and that the defendant was prejudiced when the case remained dormant for two years).

[27] *Modeste*, 77 V.I. at 288.

Court's recent orders. Plaintiff's counsel argues that deadlines were only missed by a few days, but as Defendant's counsel correctly points out, late is late. Further, as mentioned above, the recent actions taken by Plaintiff's counsel in this matter were prompted by the Court. The Court finds that the Plaintiff's failure to move this case forward has prejudiced the Government by impeding its ability to effectively prepare a defense, and this factor therefore weighs in favor of dismissal.

### 3. A History of Dilatoriness

¶12    A history of dilatoriness is "characterized by conduct involving consistent delay by the plaintiff's counsel."[28]   Such conduct includes "consistent non-responses to interrogatories, or consistent tardiness in complying with court orders."[29]   Conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness' as the conduct must be "extensive" or demonstrate "repeated delay or delinquency."[30]   The Superior Court is required to evaluate this factor "'in light of [the plaintiff's] behavior over the life of the case.'"[31]

¶13    The Government contends that Plaintiff's dilatoriness as evidenced by not filing a single filing between February 8, 2013, and September 18, 2023.  Defendant argues that the length of this delay is even more egregious than other Virgin Islands cases that found a plaintiff's dilatoriness strongly supported dismissal.[32]   In opposition, the Plaintiff argues that there is no finding on the record of conduct involving a consistent delay by the Plaintiff's counsel and asserts that Plaintiff's counsel has actively and consistently moved this matter along.  The Court finds and the length of the delay and Plaintiff's counsel's inaction in this case demonstrates a history of dilatoriness.  Plaintiff's contention that Plaintiff's counsel has actively and consistently moved this matter along is simply not true as demonstrated by the record and the ten years of inactivity.  The action taken recently by Plaintiff's counsel is the result of being prompted by the Court. Ordinarily, dilatoriness must be shown by a pattern of extensive conduct.[33]   But in this case, considering that no action has been taken at all in the last ten years, counsel's failure to adhere to

---

[28] *Watts*, 54 V.I. at 306 (Swann, J., concurring) (citing *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984)).

[29] *Id.* (quoting *Briscoe v. Klaus*, 538 F.3d 252, 260 (3d Cir. 2008)).

[30] *Id.* (citing *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984)).

[31] *Molloy v. Indep. Blue Cross*, 56 V.I. 155, 191 (V.I. 2012) (quoting *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust*, 29 F.3d 863, 875 (3d Cir. 1994)).

[32] Def.'s Mot. to Dismiss 4.

[33] *Watts*, 54 V.I. at 306 (Swann, J., concurring)

recently imposed deadlines continues to demonstrate a lack of urgency in prosecuting this matter. In evaluating the plaintiff's behavior over the life of this case, this factor weighs in favor of dismissal.

### 4. Whether the Party's Conduct was Willful or in Bad Faith

¶14    Conduct that is willful or made in bad faith has been described as "deliberate and contumacious," and behavior that is "intentional or self-serving."[34]   Specific evidence must be found that justifies a determination of willfulness or bad faith.[35]   If there is no evidence of willfulness or bad faith conduct on the record, a trial court cannot presume such a conclusion, and must instead conclude that the conduct was not willful.[36]   However, some Virgin Islands courts have found bad faith without specific evidence on the record based on a plaintiff's complete lack of action.[37]

¶15    The Defendant argues that because no action was taken by Plaintiff since March 11, 2013, in furtherance of prosecution, the Court should consider Plaintiff's lackadaisical approach to constitute willfulness to support dismissal on this factor.  Plaintiff argues that there is no evidence of willful conduct or actions taken in bad faith on the part of Plaintiff or Plaintiff's counsel.  While the Court does not find specific conduct by Plaintiff or his counsel to be willful, the Court agrees with the Government that such an extensive delay in moving this matter forward demonstrates a lackadaisical approach that supports a finding of willfulness.  In line with the findings by the courts in *Robles* and *Modeste*, the case remaining dormant for ten years because of Plaintiff's failure to take any action suggests some degree of willfulness.  Accordingly, this factor supports dismissal.

### 5. Effectiveness of Sanctions Other than Dismissal

¶16    Dismissal for failure to prosecute is a harsh sanction that "'the court should only order in extreme situations showing a clear record of contumacious conduct by the plaintiff.'"[38]   Courts

---

[34] *Id.* at 398 (citing *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984) (quoting *Briscoe*, 538 F.3d at 260); *see also Ventura v. V.I. Hosp. & Health Facilities Corp.*, No. SX-2010-CV-00453, 2021 V.I. LEXIS 72, at *14 (V.I. Sup. Ct. Aug. 30, 2021) (quoting *Adams v. Trustees of the N.J. Employees' Pension Trust Fund*, 20 F.3d 863, 875 (3d. Cir. 1994)) ("Willfulness involves intentional or self-serving behavior").

[35] *Ventura*, 2021 V.I. LEXIS 72, at *14 (citing *Molloy*, 56 V.I. at 192).

[36] *Molloy*, 56 V.I. at, 192.

[37] *Robles,* (finding that a case that was dormant for two years involved "some degree of willfulness or bad faith"); *see also Modeste*, 77 V.I. at 288.

[38] *Watts*, 54 V.I. at 309 (Swann, J., concurring) (quoting *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)).

should consider the availability of alternative sanctions such as imposing costs and attorneys' fees on the plaintiff's counsel.[39] Alternative sanctions include excluding evidence, precluding witnesses, striking portions of pleadings, or imposing monetary sanctions to compensate the harmed party for reasonable expenses caused by the noncompliance.[40]

¶17   The Government argues that there is a clear lack of interest on the part of the Plaintiff to pursue his case and thus alternate sanctions would be futile. Defendant notes that other courts have found that a plaintiff's failure to move a case beyond the pleading stage for six years after filing was evidence of a disinterest in pursuit of the matter.[41] Plaintiff argues that the case has been and is still being actively litigated, and Plaintiff's conduct has not warranted sanctions.

¶18   In *Hassan v. Bishop*, the Superior Court found that alternative sanctions such as imposing monetary sanctions, precluding witnesses, or excluding evidence were not appropriate because "taking everything into consideration – such as the fact that Plaintiff's claim against Defendant has been pending since the inception with minimal movement and Plaintiff['s] dilatory and lackadaisical approach to his claim against Defendant – the Court finds that there lacks a clear interest on Plaintiff's part to pursue its case against Defendant."[42] The Court finds a similar lackadaisical approach here. Plaintiff did nothing to move the case forward for ten years and has only been "actively litigating" the case recently at the behest of the Court. Because of Plaintiff's lack of interest in pursuing the case, sanctions other than dismissal would be futile. This factor therefore weighs in favor of dismissal.

### 6. Meritoriousness of the Party's Claims

¶19   "A claim, or defense, will be deemed meritorious when the allegations in the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."[43] The Government argues that this factor is neutral because both Plaintiff and the Government assert claims and defenses that would survive this jurisdiction's notice pleading standard, and both parties' claims and defenses should be found meritorious. Plaintiff argues that the initial and first amended complaints are well-pled and that this factor does not support dismissal. The Court agrees with the

---

[39] *Id.* at 310 (citing *Poulis*, 747 F.2d at 869).

[40] *Gilbert v. Gilbert*, No. SX-15-CV-508, 2017 V.I. LEXIS 143, at *10 (V.I. Super. Ct. Sept. 11, 2017).

[41] Def.'s Mot. to Dismiss 5.

[42] *Hassan v. Bishop*, No. SX-2017-CV-302, 2023 V.I. LEXIS 12, at *11 (V.I. Super. Ct. May 1, 2023).

[43] *Poulis*, 747 F.2d at 869-70.

parties that this factor should be considered neutral or weigh against dismissal. In his initial and first amended complaints, Plaintiff alleged that he was molested by Francis and that Defendants' combined acts and omissions injured him and are the proximate causes of his damages in this matter.[44] Taking the facts alleged in the complaint to be true, Plaintiff's claim is meritorious. Virgin Islands courts have determined that the standard for determining whether a claim is meritorious in the context of a motion for failure to prosecute is not as stringent as a summary judgment standard, and the plaintiff does not have to provide evidence to substantiate the claim.[45] Like the Superior Court found in *Hassan v. Bishop*, if Plaintiff's allegations are established at trial, they would support recovery.[46] Therefore, the Court find this factor weighs against dismissal.

## IV. CONCLUSION

¶20    A plaintiff has an affirmative duty to move a case forward and failure to do so can result in dismissal for failure to prosecute.[47] In determining whether to dismiss for failure to prosecute, Virgin Islands courts must consider, and balance six factors established by the Supreme Court in *Halliday v. Footlocker*.[48] After conducting this balancing test, the Court finds that five of the six factors support dismissal. The ten years that Plaintiff failed to take any action to move the case forward demonstrates the Plaintiff's lack of interest in pursuing this case such that dismissal is warranted. The Government has established that Plaintiff's conduct and history of dilatoriness represents a failure to prosecute that has sufficiently prejudiced the Government by impeding their ability to mount a meaningful defense. While the parties and the Court agree that the Plaintiff has presented meritorious claims, this factor alone does not weigh against the other five factors to survive dismissal.

¶21    Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute is **GRANTED AND THIS MATTER IS DISMISSED**; and it is further

**ORDERED** that the Status Conference scheduled for August 30, 2024, at 10:00 a.m. is CANCELED; and it is further

---

[44] Pl.'s Compl. and Pl.'s First Am. Compl.

[45] *Bishop*, 2023 V.I. LEXIS 12, at *21.

[46] *See id.* at *23 (finding that the plaintiff stated facts alleging the elements of negligence when he claimed he was struck by the defendant's vehicle while crossing the street and suffered injuries).

[47] *Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 292 (V.I. 2010).

[48] 53 V.I. 505, 510 (V.I. 2010).

**ORDERED** that the Clerk of Court is directed to CLOSE this matter; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

Dated: August 19 , **2024**

_____
**HON. SIGRID M. TEJO**
**JUDGE OF THE SUPERIOR COURT OF**
**THE VIRGIN ISLANDS**

**ATTEST:**
**TAMARA CHARLES**
**Clerk of the Court** ___/___/___

**By:** _____
for **LATOYA CAMACHO**
**Court Clerk Supervisor** 8 / 21 /2024